IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jolie Ann Brown, ) | |
| ) | |
| Plaintiff, ) | Case No. 0:10-cv-01930-RMG |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(B) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge recommended that the decision of the Commissioner be affirmed. (Dkt. No. 16.) Plaintiff objected to the Magistrate Judge's recommendation. (Dkt. No. 17). After having conducted a *de novo* review of the Record and considering the objections, the Court adopts the recommendation of the Magistrate Judge. Thus, for reasons set forth below, the Court affirms the Commissioner's decision.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject,

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir.1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987).

## DISCUSSION

Plaintiff was 43 years old on the date of the alleged disability onset date, and she alleges disability since July 1, 2006 due to severe depression, anxiety, Hepatitis C, chronic bronchitis, asthma, and back problems. (Tr. 218, 165.) The ALJ issued a decision dated December 4, 2009, finding that Plaintiff was not disabled. (Tr. 9-18.) The ALJ's decision stated, *inter alia*,

> 3. The claimant has the following severe impairments: bronchitis, anxiety, depression, back pain, substance abuse and Hepatitis C (20 CFR 404.1520(c) and 416.920(c)).
>
> * * *
>
> 4. The claimant's impairments, including the substance use disorders, meet sections 12.04 and 12.06 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> * * *
>
> 5. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.
>
> 6. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meet or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> 7. If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with certain limitations. Specifically, I find that the claimant can lift up to 20 pounds occasionally and 10 pounds frequently. She can stand/walk up to 6 hours total in an 8 hour workday, sit up to 6 hours, and has unlimited use of her upper and lower extremities for pushing and pulling, as well as operation of hand and/or foot controls. The claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds, bend stoop, kneel, crouch, and crawl. There are no manipulative, visual, or communicative limitations. She should avoid concentrated exposure to respiratory irritants such as fumes, dusts, gases, odors and poor ventilation. Claimant can follow short simple instructions and perform

simple repetitive tasks with only occasionally public contact and interaction. Claimant would be able to sustain attention and concentration for 2 hours at a time before needing a 10-15 minutes break. She may be absent from work on an unscheduled basis 1 to 2 days per month.

* * *

12. If the claimant stopped the substance use, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. Because the claimant would not be disabled if she stopped the substance use (20 CFR 404.1520(g) and 416.920(g)), the claimant's substance use disorders is a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935). Thus the claimant has not been under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

(Tr. 11-18.)

As noted by the Magistrate Judge, Plaintiff raised two issues for judicial review: (a) whether the Commissioner applied an incorrect legal standard by failing to address opinion evidence from Dr. Tollinson, and (b) whether substantial evidence supports the Commissioner's decision "when the ALJ opinion fails to thoroughly assess the credibility of the claimant's testimony." (Pl.'s Br.; Dkt. No. 12.) The Magistrate Judge recommended the Commissioner's decision to deny benefits be affirmed, concluding the ALJ did not err in the analysis of Brown's credibility regarding subjective complaints and that even if the ALJ erred in failing to discuss Dr. Tollinson's testimony, such error was harmless. (See R&R; Dkt. No. 16.) Plaintiff objects to the Magistrate Judge's conclusion that any failure to discuss Dr. Tollinson's testimony was harmless. (See Dkt. No. 17.) Plaintiff states,

> Our view is that when an ALJ calls in an expert witness, such as a medical advisor, and fails entirely to assess the credibility of that medical advisor's

> testimony, the decision cannot be said to be supported by substantial evidence. Furthermore, Dr. Tollison's testimony may have been that Ms. Brown's condition did not meet a listing at step three. That does not mean that the testimony could not have been valuable in supporting the claim at step five. Consequently, the decision is not supported by substantial evidence.

(Dkt. No. 17.)

The Court disagrees with Plaintiff. The ALJ's opinion does mention that Dr. Tollinson appeared and testified at the hearing, but the opinion contains no further mention of him. (See Tr. at 9.) Dr. Tollinson's testimony at the hearing was brief; in fact, when transcribed, it amounts to approximately three pages of testimony. (Tr. 44-46.) Dr. Tollinson testified that substance use "gives [him] some reservation in regard to what otherwise appears to be a 12.04, Affective disorder and a 12.06, Anxiety related disorder." (Tr. 44.) He testified that while Plaintiff "meets the A listings of both 12.04 and 12.06," she only meets "one of the four B criteria" in that she has a "marked impairment . . . for that of concentration, persistence and pace." (Id.) Because Plaintiff must meet two of the four B criteria, Dr. Tollinson testified that Plaintiff did *not* satisfy the requirements of Listing 12.04 or 12.06. Dr. Tollinson also indicated that Plaintiff "is expected to have some difficulty" with regard to attendance and that she "is going to have some difficulty learning and remembering and carrying out detailed instructions," though she "does appear to taking and handling simple instructions." (Tr. 45.) Upon questioning by Plaintiff's counsel, Dr. Tollinson indicated that a person could have a listing level medical impairment and still occasionally have GAF scores "pretty high." (Id.)

While the ALJ did not mention Dr. Tollinson's testimony aside from mentioning that he testified, such failure does not warrant reversal in this case. As the Magistrate Judge noted, Dr. Tollinson testified that Brown's medical impairments would not satisfy the requirements of

either Listing 12.04 or 12.06. (Tr. 44; R&R at 7.) The ALJ concluded that Plaintiff's "impairments, including the use of substance use disorders, meet sections 12.04 and 12.06 of 20 CFR Part 404, Subpart P, Appendix 1," but that "[i]f the claimant stopped the substance abuse, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 12-13.) Furthermore, while Dr. Tollinson testified that Plaintiff is expected to have some difficulty with attendance as well as some difficulty learning and remembering and carrying out detailed instructions, the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") is consistent with these limitations. (See Tr. at 14.) Indeed, as noted above, the ALJ stated,

> Claimant can follow short simple instructions and perform simple repetitive tasks with only occasionally public contact and interaction. Claimant would be able to sustain attention and concentration for 2 hours at a time before needing a 10-15 minutes break. She may be absent from work on an unscheduled basis 1 to 2 days per month.

(Id.) While Plaintiff contends the ALJ erred in failing to assess Dr. Tollinson's credibility, the Court finds any such error was harmless on this record. The ALJ took Dr. Tollinson's testimony into account when formulating Plaintiff's RFC. Thus, any error in failing to specifically assess Dr. Tollinson's credibility was harmless. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir.1994) (finding the ALJ's error harmless when ALJ would have reached the same result notwithstanding an initial error in his analysis); see also Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that the principle of harmless error applies to Social Security disability cases); Lorenzen v. Chater, 71 F.3d 316, 319 (8th Cir.1995) (ALJ did not err in failing to cite reasons to discredit testimony of Social Security disability claimant's spouse where most of spouse's testimony was discredited by the same evidence that discredited claimant's testimony regarding limitations);

Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." (citations and internal quotation marks omitted)); Benton v. Astrue, No. 0:09-00892-HFF-PJG, 2010 WL 3419272 (D.S.C. Aug. 30, 2010) (adopting and incorporating the Report and Recommendation of Magistrate Judge Gossett, which concluded an alleged error was harmless, as the plaintiff "failed to establish that this error affected the outcome of the case or changed the substance of the decision in any manner, rendering this error harmless"). The Commissioner's decision is therefore affirmed.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the Report and Recommendation is **ADOPTED**, and the decision of the Commissioner is **AFFIRMED**.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**June 14, 2011**